

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATAN DAVID ESPINOSA ISAZA,<br><br>                                     Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden,<br><br>                                     Respondent. | Case No.:  26-cv-2552-RSH-DDL<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On April 22, 2026, petitioner Johnatan David Espinosa Isaza filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner states that he has been detained pending his removal proceedings, and that on March 31, 2026, he received a hearing at which an immigration judge denied bond on the grounds that Petitioner is a danger to the community. ECF No. 1 at 6. Petitioner states that he has letters of recommendation and a sponsor that would disagree with such a conclusion. *Id.* Petitioner requests his release on bond. *Id.* at 7. Petitioner does not address whether he has appealed or will appeal his bond denial to the Board of Immigration Appeals.

The Petition does not set forth a legal or factual basis for any relief from this Court. Petitioner's allegations do not establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DISMISSED** without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 27, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-2552-RSH-DDL